UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE K. ZINK,

                      Plaintiff,

v.                                                                                             Case No. 23-cv-1478-pp

DR. LABBY, *et al.*,

                      Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR JOINDER (DKT. NO. 3) AND DISMISSING CASE FOR PLAINTIFF'S FAILURE TO FOLLOW COURT ORDERS AND DILIGENTLY LITIGATE CASE**

On March 14, 2024, the court issued an order screening the complaint and ordering the plaintiff to provide the court with additional information about the allegations in his complaint; the court set a deadline of April 19, 2024 for him to provide that response. Dkt. No. 9 at 14. The court advised the plaintiff that if it did not receive his response by the end of the day on April 19, 2024, it could dismiss the complaint. Id. On April 23, 2024, the court granted the plaintiff's first request for an extension of time, extending his deadline to July 18, 2024. Dkt. No. 11. The next day, the court denied as moot his second, almost identical, request and warned the plaintiff that "he must sign and file his own motions and papers." Dkt. No. 13. At the July 18, 2024 deadline, the court received the plaintiff's third motion for an extension of time. Dkt. No. 14. The court observed that someone other than the plaintiff had prepared that motion despite the court's previous warning to the plaintiff about signing and

filing his own motions and the court's telling the plaintiff that the court would "not accept filings signed and sent by a person other than the plaintiff." Dkt. No. 15 at 3 (quoting Dkt. No. 13). Nevertheless, the court granted the plaintiff's motion and extended his deadline to respond to the court's screening order to August 30, 2024. Id. at 4. The court advised the plaintiff that he "must sign and file his response" and that the court would "not act on further motions or papers of any kind that the plaintiff has not signed and filed himself." Id. (emphasis omitted). The court warned the plaintiff that if the court did not receive his signed response to the court's screening order by August 30, 2024, "the court will dismiss this case for the plaintiff's failure to follow court orders and diligently prosecute this case." Id. at 5. The court told the plaintiff that it would "not again extend [his] deadline to respond to the screening order unless he describe[d] exceptional circumstances warranting a further extension of time." Id. (emphasis omitted).

When the plaintiff filed this lawsuit, he was incarcerated at Redgranite Correctional Institution. Dkt. No. 1 at ¶5. Since then, he has not filed a change of address form. But the motion for extension of time that the court received on July 18, 2024—which was signed by someone other than the plaintiff—said that he was "stuck at Dodge Institutional infirmary" because of health issues and because his parole officer had not identified a place for him to live. Dkt. No. 14. The clerk's office updated the plaintiff's address to reflect that he was housed at Dodge, and the court mailed the July 25, 2024 order to the plaintiff

there. The Department of Corrections locator website shows that as of the date of this order, the plaintiff remains at Dodge. https://appsdoc.wi.gov/lop/details/detail (for Kyle J. Zink, DOC #00667861).

The August 30, 2024, deadline has passed, and the court has not received a response from the plaintiff. The court has not received a document signed by the plaintiff himself since April 22, 2024, when it received the only one of his three requests for an extension of time that he wrote, signed and filed himself. Dkt. No. 12. The court will enforce its previous order and dismiss this case for failure to follow court orders and lack of diligent prosecution. Because it is dismissing the case, the court will deny as moot the plaintiff's motion for joinder. Dkt. No. 3.

The court **DENIES AS MOOT** the plaintiff's motion for joinder. Dkt. No. 3.

The court **ORDERS** that this case is **DISMISSED** under Civil Local Rule 41(c) (E.D. Wis.) for the plaintiff's failure to follow court orders and his failure to diligently litigate the case. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the

$605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of September, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**